UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMANUEL JOHNSON, SR.,

    Petitioner,

-vs-                                                      Case No. 8:13-cv-894-T-27MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

BEFORE THE COURT are Respondent's Motion to Dismiss Limited to Statute of Limitations Time-Bar and Memorandum of Law (Dkt. 7) and Petitioner's reply in opposition (Dkt. 10). Upon consideration, Respondent's motion is GRANTED. This case is dismissed as time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one year statute of limitations for seeking federal habeas corpus relief from a state-court judgment. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitation period runs from the latest of . . . "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's state court convictions were affirmed on appeal on October 6, 1995 (Resp. Ex. D); *Johnson v. State*, 662 So. 2d 349 (Fla. 2d DCA 1995) [table]. His convictions therefore became

final 90 days later, on January 4, 1996, when the time for filing a petition for certiorari in the United States Supreme Court expired. *Chavers v. Sec., Fla. Dept. of Corrs.*, 468 F.3d 1273, 1274-75 (11th Cir. 2006) (judgment becomes "final" after expiration of 90 day period in which petition for writ of certiorari could have been filed). And because Petitioner's convictions became final prior to April 24, 1996, the date on which Section 2244(d)(1) went into effect, he had until April 24, 1997, to file his federal habeas petition. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998) (petitioners whose convictions became final before the enactment of the AEDPA must be allowed a reasonable time to file their § 2254 petitions, and one year from the effective date is a reasonable time). Petitioner filed his federal habeas petition in April, 2013, more than five years after the limitations period expired (Dkt. 1 at 15). Unless the limitation period was tolled by a properly filed state court post conviction application or equitable tolling applies, his federal petition is time barred.

On March 4, 2002, well after the AEDPA limitation period had expired, Petitioner filed a Florida Rule 3.850 motion (Resp. Ex. F). Because the limitation period had already expired, the Rule 3.850 motion did not toll the AEDPA limitations period. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where Rule 3.850 motion is filed after expiration of AEDPA limitations period, motion does not toll the period under § 2244(d)(2) because no period remains to be tolled). Therefore, absent equitable tolling, Petitioner's federal habeas petition is time-barred.

The limitations period under § 2244(d) is subject to equitable tolling. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with

2

diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)); *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006) (petitioner must show both extraordinary circumstances and diligence). Equitable tolling only applies, however, where the litigant satisfies his burden of showing that he has been pursuing his rights diligently and that some extraordinary circumstance "stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010).

Petitioner has not satisfied his burden of showing circumstances justifying equitable tolling. In his reply to Respondent's motion to dismiss, Petitioner makes no showing of extraordinary circumstances which prevented him from filing a timely federal habeas petition. Nor does he demonstrate that he has diligently pursued his rights (Dkt. 10). And he makes no cognizable claim (or even an assertion) of actual innocence which might otherwise justify an exception to the AEDPA limitation bar as a "fundamental miscarriage of justice." *See Rozzelle v. Secretary, Florida Dept' of Corrections*, 672 F.3d 1000, 1011-12 (11th Cir. 2012) (" . . . AEDPA-time-barred petitioner must make a threshold showing of actual innocence before we will tackle whether the Suspension Clause requires an actual innocence exception to AEDPA's one-year filing window."), *cert. denied*, 133 S.Ct. 351 (2012).

Liberally construing Petitioner's argument, he seemingly contends that because the state court reached the merits of his post conviction Rule 3.850 motion without addressing its timeliness, that operated as a waiver of the State's claim that his federal petition is time-barred, and that his federal limitation period was thereby resurrected and began to run anew. Petitioner's contention is fundamentally flawed. First, there is no showing whatsoever that the State has waived its limitations defense under the AEDPA. Moreover, the timeliness of a state prisoner's habeas petition is governed

by federal law, specifically, the AEDPA, not state procedural law. As discussed, when Petitioner filed his Rule 3.850 motion, the AEDPA limitation period had already expired. Finally, Petitioner's reliance on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) is misplaced. *Martinez* addressed whether an ineffective assistance of counsel can constitute cause for procedural default, not the AEDPA's statute of limitations.

Accordingly,

Respondent's Motion to Dismiss (Dkt. 7) is **GRANTED**. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time barred. The **Clerk** is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

### Certificate of Appealability

A COA will be granted only if "jurists of reason" would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Petitioner cannot make this showing. Accordingly, Petitioner is not entitled to a COA. Since he is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** this 3rd day of December, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copy to: Petitioner *pro se*
Counsel of Record